UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BING CHARLES W. KEARNEY,
JR., BRIAN W. SEEGER, and
ALAN G. PAYNE,

    Plaintiffs,

v.                                                            Case No. 8:09-cv-1846-T-30TBM

TRAVELERS CASUALTY AND SURETY
COMPANY OF AMERICA,

    Defendant.
_____/

KEARNEY CONSTRUCTION
COMPANY, LLC,

    Plaintiff,

v.                                                            Case No. 8:09-cv-1850-T-30TBM

TRAVELERS CASUALTY AND SURETY
COMPANY OF AMERICA, et al.,

    Defendants.
_____/

## ORDER

THIS CAUSE comes before the Court upon Defendant's Motions to Dismiss in Case No. 8:09-cv-1846 (Dkt. 23) and 8:09-cv-1850 (Dkt. 28) and Plaintiffs' Responses to same. On February 25, 2010, the Court held a hearing on these motions to dismiss. The Court,

having reviewed the motions, responses, having heard argument from the parties' counsel, and being otherwise advised of the premises, concludes that Defendant's Motions to Dismiss should be granted.

## BACKGROUND

Plaintiffs Kearney Construction Company LLC ("Kearney Construction"), Bing Charles W. Kearney, Jr. ("Kearney"), Brian W. Seeger ("Seeger"), and Alan G. Payne ("Payne") (collectively, "Plaintiffs") brought these causes of action[1] against Defendant Travelers Casualty and Surety Company of America ("Travelers") for: fraudulent inducement (Count I); breach of good faith and fair dealing (Count II); and tortious interference (Count III). The claims relate to Plaintiffs' relationship with Travelers, in which Travelers would issue performance and payment bonds. At all material times, Kearney Construction was engaged in commercial construction.

Plaintiffs allege that Travelers fraudulently induced and/or unlawfully coerced them into entering into personal guarantees (the "Indemnity Agreement") in order to continue the bonding relationship. Plaintiffs allege that to induce Plaintiffs to enter into the Indemnity Agreement, Defendant represented that it would continue to do business with Plaintiffs in a fair and reasonable manner for the reasonably foreseeable future. Plaintiffs state that despite Travelers' representation that it would do business with Plaintiffs in good faith, Travelers

---

[1] Case No. 8:09-cv-1846 was brought on behalf of Kearney, Seeger, and Payne and Case No. 8:09-cv-1850 was brought on behalf of Kearney Construction. The Amended Complaints rely on the same set of facts and assert the same causes of action that are currently at issue.

terminated the relationship[2] and sent letters to all of Plaintiffs ongoing construction projects that stated that Plaintiffs were experiencing financial difficulty and were in default of the agreement Plaintiffs had with Travelers. As a result of the termination of the relationship and the sending of these letters, Plaintiffs allege that they have suffered damages.

Travelers moved to dismiss Plaintiffs' complaints on a number of grounds. Regarding Plaintiffs' claim for fraudulent inducement, Travelers argued that the Indemnification Agreement Plaintiffs signed specifically provided that Travelers "ha[d] the right, for any reason, to decline to execute: (a) any Bond . . ." Thus, Plaintiffs could not maintain an action for fraudulent inducement because the alleged representation that Travelers would continue to do business with Plaintiffs for the reasonably foreseeable future was contradicted by the language in the Indemnification Agreement that it could decline to execute any bond for any reason. Travelers also argued that a claim for fraudulent inducement under Florida law does not apply to a promise not performed.

Regarding the claim for breach of the covenant of good faith and fair dealing, Travelers argued that Plaintiffs failed to allege a breach of an express term of the contract and that the duty of good faith performance cannot exist until a plaintiff can establish a term of the contract the other party failed to perform.

---

[2] Although the Amended Complaints are not completely clear, it appears that the representations which allegedly induced Plaintiffs to enter into the Indemnity Agreement occurred in May-August 2008 and the parties' relationship terminated in approximately July 2009, when Travelers notified Plaintiffs that it would only continue their bonding relationship if Plaintiffs put up approximately five million dollars of collateral.

Regarding Plaintiffs' claim of tortious interference, Travelers argued that the individual Plaintiffs (Kearney, Seeger, and Payne) lacked standing to assert this claim and that only Kearney Construction could bring such a claim. Travelers also argued that the claim failed, as a matter of law, because Travelers was justified to send the letters and because Travelers' relationship as a surety rendered it a party to the construction projects.

On November 20, 2009, the Court entered an Order on Travelers' Motions to Dismiss. The Court dismissed the claims of fraudulent inducement and breach of the duty of good faith without prejudice to Plaintiffs to amend.[3] As to the fraudulent inducement claim, the Court cautioned Plaintiffs "that if this claim is solely in reliance upon Travelers' alleged statement that it would do business with Plaintiffs in a fair and reasonable manner for the reasonably foreseeable future, it fails as a matter of law." As to the claim of breach of the duty of good faith, the Court noted that "Plaintiffs' complaints fail to allege a contractual provision that Travelers breached or failed to perform."

Plaintiffs have since amended their complaints and these issues are again before this Court on Travelers' Motions to Dismiss Plaintiffs' Amended Complaints. Travelers argues that Plaintiffs have not cured the deficiencies noted by the Court in the November 20, 2009 Order. Specifically, Travelers argues that the claims of fraudulent inducement and breach of the duty of good faith again fail to state a claim.

---

[3] The Court did not dismiss the toritious interference claim as to Kearney Construction (it was dismissed with prejudice as to the individual Plaintiffs).

As set forth in more detail herein, the Court agrees that Plaintiffs' Amended Complaints have not cured the deficiencies discussed by the Court in the November 20, 2009 Order. The Court notes as an initial point that, although Plaintiffs again failed to attach the Indemnity Agreement to their Amended Complaints, the Court can consider these documents, which were attached to Travelers' Motions to Dismiss, without converting the Motions to Dismiss into motions for summary judgment, because Plaintiffs cite to and rely upon the Indemnity Agreement throughout their Amended Complaints. See Brooks v. Blue Cross & Blue Shield, 116 F.3d 1364, 1369 (11th Cir. 1997).

## DISCUSSION

### I. Motion to Dismiss Standard

Determining the propriety of granting a motion to dismiss requires courts to accept all the factual allegations in the complaint as true and evaluate all inferences derived from those facts in the light most favorable to the plaintiff. See Hunnings v. Texaco, Inc., 29 F.3d 1480, 1483 (11th Cir. 1994). Nonetheless, "conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal." Davila v. Delta Air Lines, Inc., 326 F.3d 1183, 1185 (11th Cir. 2003). To survive a motion to dismiss, a plaintiff's complaint must include "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 127 S.Ct. 1955, 1960 (2007). While in the ordinary case a plaintiff may find the bar exceedingly low to plead only more than "a statement of facts that merely creates a suspicion [of] a legally cognizable right of action," it is clear that "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief'

requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 1959, 1965; see also Davis v. Coca-Cola Bottling Co. Consol., 516 F.3d 955, 974, n.43 (11th Cir. 2008) (noting the abrogation of the "no set of facts" standard and holding Twombly "as a further articulation of the standard by which to evaluate the sufficiency of all claims"). Absent the necessary factual allegations, "unadorned, the-defendant-unlawfully-harmed-me accusation[s]" will not suffice. Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009).

## II. Plaintiffs' Fraudulent Inducement Claim

In order to state a cause of action for fraud in the inducement, a plaintiff must allege that "1) the representor made a misrepresentation of a material fact, 2) the representor knew or should have known of the falsity of the statement, 3) the representor intended that the representation would induce another to rely and act on it, and 4) the plaintiff suffered injury in justifiable reliance on the representation." Biscayne Inv. Group, Ltd. v. Guarantee Management Services, Inc., 903 So. 2d 251, 255 (Fla. 3d DCA 2005) (citing Samuels v. King Motor Co. of Ft. Lauderdale, 782 So. 2d 489 (Fla. 4th DCA 2001)). Importantly, by itself, a mere promise not performed cannot form the predicate for actionable fraud. Biscayne Inv. Group, Ltd., 903 So. 2d at 255 (citing Alexander/Davis Props., Inc. v. Graham, 397 So. 2d 699, 706 (Fla. 4th DCA 1981)). Additionally, a party cannot recover in fraud for an alleged oral misrepresentation that is adequately covered or expressly contradicted in a later written contract. Giallo v. New Piper Aircraft, Inc., 855 So. 2d 1273 (Fla. 4th DCA 2003).

Although Plaintiffs' Amended Complaints allege additional facts surrounding the alleged misrepresentations, the claim of fraudulent inducement is still predicated on Travelers' alleged misrepresentations that it would continue to do business with Plaintiffs in the future. Thus, even assuming the truth of Plaintiffs' allegations, Plaintiffs still fail to state a claim of fraudulent inducement because these misrepresentations are nothing more than promises to perform in the future and are not actionable. These alleged statements are also directly contradicted by the Indemnity Agreement, which stated that Travelers had the right to refuse to provide a bond for any reason at any time. Thus, Plaintiffs' claims are also negated by the contract on which they base their fraud in the inducement claim.

Plaintiffs attempt to argue that Travelers knew the statements were false at the time they were made because Travelers knew or should have known the future state of the economy and that surety losses were historically a trailing indicator of the economic downturn. This novel argument does not relieve Plaintiffs of the fact that the Indemnity Agreement specifically stated that Travelers could refuse to provide a bond for any reason at any time.[4]

Accordingly, because it would be futile for the Court to allow Plaintiffs any further amendment of this claim, Plaintiffs' claim of fraudulent inducement is dismissed with

---

[4] Although not material to the Court's ruling as set forth herein, the Court notes that the allegations of the Amended Complaints demonstrate that Plaintiffs and Travelers did continue a business relationship where Travelers issued bonds after the execution of the Indemnity Agreement until approximately January 2009.

prejudice. See Washington v. Sch. Bd. Of Hillsborough County, 2009 WL 4042938, *6 (M.D. Fla. 2009).

### III. Plaintiffs' Claim for Breach of the Covenant of Good Faith and Fair Dealing

Florida contract law recognizes the implied covenant of good faith and fair dealing in every contract. Burger King Corp. v. Weaver, 169 F.3d 1310, 1315 (11th Cir. 1999); Barnes v. Burger King Corp., 932 F. Supp. 1420, 1438 (S.D. Fla. 1996); County of Brevard v. Miorelli Eng'g, Inc., 703 So. 2d 1049, 1050 (Fla. 1997). This covenant is intended to protect "the reasonable expectations of the contracting parties in light of their express agreement." Barnes, 932 F. Supp. at 1438. However, there are two restrictions on causes of action for the breach of good faith and fair dealing. First, the implied covenant of good faith should not be invoked to override the express terms of the agreement between the parties. Weaver, 169 F.3d at 1317-18; Barnes, 932 F. Supp. at 1438; City of Riviera Beach v. John's Towing, 691 So. 2d 519, 521 (Fla. 4th DCA 1997). Second, a claim for breach of the implied covenant of good faith and fair dealing cannot be maintained under Florida law absent an allegation that an express term of the contract has been breached. Weaver, 169 F.3d at 1317-18; Nautica Int'l, Inc. v. Intermarine USA, L.P., 5 F. Supp. 2d 1333, 1340 (S.D. Fla. 1998) (finding as a matter of law that plaintiff stated claim because it alleged an express breach of contract).

A duty of good faith must:

> relate to the performance of an express term of the contract and is not an abstract and independent term of a contract which may be asserted as a source of breach when all other terms have been performed pursuant to the contract requirements.

Hospital Corp. of America v. Florida Med. Ctr., Inc., 710 So. 2d 573, 575 (Fla. 4th DCA 1998) (emphasis added). Thus, the duty of good faith does not attach until Plaintiffs can establish a term of the contract that Travelers was obligated to perform. Id.; see also Johnson Enter. of Jacksonville, Inc. v. FPL Group, Inc., 162 F.3d 1290, 1314 (11th Cir. 1998) ("[G]ood faith requirement does not exist 'in the air'. Rather, it attaches only to the performance of a specific contractual obligation."). Allowing a claim for breach of the implied covenant of good faith and fair dealing "where no enforceable executory contractual obligation" remains would add an obligation to the contract that was not negotiated by the parties. Hospital Corp., 710 So. 2d at 575.

Here, Plaintiffs' Amended Complaints list multiple provisions of the Indemnity Agreement, but fail to allege any details as to how any of these provisions were breached. Thus, Plaintiffs still do not plead a breach of an express provision of the Indemnity Agreement.

Accordingly, Travelers' Motions to Dismiss are granted, however, the Court will provide Plaintiffs with one more opportunity to amend this claim.

It is therefore ORDERED AND ADJUDGED that:

1. Defendant's Motions to Dismiss in Case No. 8:09-cv-1846 (Dkt. 23) and 8:09-cv-1850 (Dkt. 28) are hereby **granted**.

2. Count I is dismissed with prejudice.

3. Count II is dismissed without prejudice to Plaintiffs to amend within fourteen (14) days from the date of this Order.

**DONE** and **ORDERED** in Tampa, Florida on February 26, 2010.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Even\2009\09-cv-1846-1850.mtdismissamendedcomplaint.wpd